UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
(MIDLAND/ODESSA DIVISION)

| | | |
|---|---|---|
| NATHAN LOFTIS,<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 7:21-cv-00128 |
| ERIC THOMAS AND E AND T<br>TRUCKING LIMITED LIABILITY<br>COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendants Eric Thomas and E and T Trucking Limited Liability Company hereby remove Case No. 7707 from the 118th Judicial District Court of Martin County, Texas, pursuant to 28 U.S.C §§ 1332, 1441 and 1446, and as grounds for its removal state as follows:

## STATEMENT OF THE CASE

1. On June 25, 2021, Plaintiff filed an Original Petition styled Cause No. 7707; *Nathan Loftis v. Eric Thomas and E and T Trucking, LLC* - In the 118th Judicial District Court of Martin County, Texas (the "State Court Action"). A copy of the Original Petition is attached as Exhibit "A" hereto.

2. Defendants were each served with the summons and Plaintiff's Original Petition on July 2, 2021.

3. The Complaint purports to assert a personal injury cause of action against the Defendants based upon a motor vehicle accident alleged to have occurred on or about April 14, 2020, in Martin County, Texas. The Plaintiff alleges that the Defendants were

negligent and that their negligence was a proximate cause of the alleged injuries.

4. The relief Plaintiff seeks is monetary damages over $1,000,000.00.

## DIVERSITY JURISDICTION UNDER 28 U.S.C § 1332(a)

5. This Court has jurisdiction over this matter under 28 U.S.C § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000, exclusive of interest and costs, is at stake.

6. Plaintiff alleges that he is a resident of the State of Texas and that his primary residence is in Texas.

7. Defendant Eric Thomas is not a citizen of Texas and his primary residence is in Haleyville, Alabama. Therefore, there is complete diversity between Plaintiff and Defendant Eric Thomas in this action.

8. Defendant E and T Trucking Limited Liability Company is an Alabama Corporation with its principal office and place of business in Haleyville, Alabama. Therefore, there is complete diversity between Plaintiff and Defendant E and T Trucking Limited Liability Company in this action.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Defendants are being filed with this Notice of Removal.

10. This Notice of Removal has been filed within 30 days of the date that Defendants were served with summons or the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S District Court for the Western District of Texas is the federal judicial district embracing the Texas District Court of Martin County where the State Court Action was originally filed.

## CONCLUSION

By this notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Respectfully submitted,

**McKINNEY & TIGHE L.L.P.**
24 Smith Road
Suite 505, Tgaar Tower
Midland, TX  79705
mbmckinney@mckinneytighe.com
(432) 684-0000
(432) 684-0026 Fax

By: _____
MICHAEL B. McKINNEY
SBN:  13722000

**ATTORNEYS FOR DEFENDANTS
ERIC THOMAS and E AND T TRUCKING
LIMITED LIABILITY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been transmitted via electronically this ___16th___ day of ___July___, 2021, to all counsel of record.

**COUNSEL FOR PLAINTIFF:**
Robert White
Greta Braker
CHILDS BISHOP & WHITE
230 W 3rd St.
Odessa, Texas 79761-5014

_____
Michael B. McKinney

# EXHIBIT "A"

NO. <u>7707</u>

| | | |
|---|---|---|
| **NATHAN LOFTIS**<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | <u>118TH</u> JUDICIAL DISTRICT |
| **ERIC THOMAS AND E AND T TRUCKING LIMITED LIABILITY COMPANY**<br>Defendants. | § § § § § | OF MARTIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Nathan Loftis, hereinafter called Plaintiff, complaining of and about Eric Thomas and E and T Trucking Limited Liability Company, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.  Plaintiff, Nathan Loftis, is an Individual who, is a resident of Fort Worth, Tarrant County, Texas.

3.  The last three numbers of Nathan Loftis's driver's license number are 757.

4.  Defendant Eric Thomas, an Individual who is a nonresident of Texas, may be served with process at his home at the following address: 571 Haralson LN, Forest, Mississippi, 39074. Service of said Defendant can be effected by serving Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, 125 E. 11st Street, Austin, Texas 78701. Tex. Civ. Prac. & Rem. Code § 201.003(b).

.

Filed 6/25/2021 3:44 PM<br>Linda Gonzales<br>District Clerk<br>Martin County, Texas<br>Melissa Rios

5. Defendant E and T Trucking Limited Liability Company, a Nonresident Limited Liability Company, has conducted business in the State of Texas. The agent for Defendant is Eric Thomas, 571 Haralson LN, Forest, Mississippi, 39074. Service of said Defendant can be effected by serving the Texas Secretary of State, Service of Process, James E Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701. Tex. Civ. Prac. & Rem. Code §17.044(b).

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks:

    a. monetary relief over $1,000,000.

8. This court has jurisdiction over Defendants because they committed a tort in Texas and were conducting business in Texas. Defendants are out of state residents, but the general long-arm statute applies to them. Specifically, Defendant Eric Thomas is a nonresident motor vehicle operator who was involved in a collision while operating a motor vehicle in Texas. Tex. Civ. Prac. & Rem. Code § 17.061. Defendant E and T Trucking Limited Liability Company conducted business in Texas when its employ Eric Thomas committed a tort in Texas. Tex. Civ. Prac. & Rem. Code § 17.042.

9. Venue in Martin County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

10. On or about April 14, 2020, Defendant Eric Thomas was driving a tractor-trailer ("18-wheeler") owned by Defendant E and T Trucking Limited Liability Company. Defendant

Thomas was within the course and scope of his employment with Defendant E and T Trucking Limited Liability Company. Defendant Thomas was driving west on SH 176 and approaching the intersection of SH 176 and SH 137 in Martin County, Texas. Defendant Thomas was approaching a flashing red stop sign. At the same time, Plaintiff Nathan Loftis was also driving a tractor-trailer ("18-wheeler") within the course and scope of his employment with Mulholland Energy Service. Plaintiff Loftis was traveling east on SH 176 and he stopped at the flashing red stop sign with intersection SH 137. Plaintiff was stopped well before Defendant Thomas was approaching the same intersection. Plaintiff after stopped saw that the intersection was clear, and it was his turn to leave the stop sign. Plaintiff begins turning left. Defendant Thomas is approaching the flashing red stop sign while Plaintiff is in the process of turning left. Defendant Thomas does not stop at the flashing red stop sign and Defendant Thomas collies with Plaintiff's vehicle. Defendant's failure to stop at the stop sign caused the collision into Plaintiff's vehicle.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE AGAINST ERIC THOMAS

11. Defendant Eric Thomas had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiff's injuries were proximately caused by Defendant Eric Thomas's negligent, careless and reckless disregard of said duty.

13. The negligent, careless and reckless disregard of duty of Defendant Eric Thomas consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant Eric Thomas failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; and

    B. In that Defendant Eric Thomas failed to stop at an Official-Traffic Control

Device, to wit: a flashing red signal stop sign, in violation of § 545.151 of the Texas Transportation Code.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE PER SE AGAINST ERIC THOMAS

14. Defendant Eric Thomas's conduct described herein constitutes an unexcused breach of duty imposed by V.T.C.A Transportation Code § 544.008 and § 545.151.

15. V.T.C.A Transportation Code § 544.008 requires that a driver shall stop at a clearly marked stop line when facing a flashing red signal. Defendant violated this duty when he drove through the flashing red signal without stopping.

16. V.T.C.A Transportation Code § 545.151 requires that a driver shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign. Defendant violated this duty when he failed stop at the stop sign and collided with Plaintiff.

17. Plaintiff is member of the class that V.T.C.A Transportation Code § 544.008 and § 545.151 was designed to protect.

18. Defendant Eric Thomas's unexcused breach of the duty imposed by V.T.C.A Transportation Code § 544.008 and § 545.151 proximately caused the Plaintiff's injuries described herein.

## PLAINTIFF'S CLAIM OF
## RESPONDEAT SUPERIOR AGAINST E AND T TRUCKING LIMITED LIABILITY COMPANY

19. At the time of the occurrence of the act in question and immediately prior thereto, Eric Thomas was within the course and scope of employment for Defendant E and T Trucking Limited Liability Company.

20. At the time of the occurrence of the act in question and immediately prior thereto,

Eric Thomas was engaged in the furtherance of Defendant E and T Trucking Limited Liability Company's business.

21. At the time of the occurrence of the act in question and immediately prior thereto, Eric Thomas was engaged in accomplishing a task for which Eric Thomas was employed.

22. Plaintiff invokes the doctrine of Respondeat Superior as against Defendant E and T Trucking Limited Liability Company.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE AGAINST E AND T TRUCKING LIMITED LIABILITY COMPANY

23. The conduct of Defendant E and T Trucking Limited Liability Company or that of its officers, agents, servants, employees, and/or representatives constitutes negligence as that term is understood in law and such conduct was the proximate cause of the crash made the basis of this suit.

24. At the time and on the occasion in question, Defendant E and T Limited Liability Company owed a duty to exercise reasonable care, including but not limited to the following, and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the occurrence in question:

    (a) In failing to ensure and enforce proper road safety rules and regulations;

    (b) In failing to properly supervise its employees and/or drivers in regards to their abiding by such safety rules and regulations;

    (c) In failing to properly train its employees and/or drivers in regards to driving safety and avoidance of accidents and collisions;

    (d) In negligently hiring inadequately trained and experienced employees;

    (e) In negligently entrusting inadequately trained and experienced employees with its trucks;

    (f) Failure to exercise due care in hiring Defendant Eric Thomas, including its

    failure to inquire into Eric Thomas's qualifications, experience, and history in driving commercial motor vehicles, including his employment and/or discharges regarding the same;

(g)  Failure to monitor, or failure to exercise due care in monitoring, Defendant Eric Thomas's competence to operate commercial motor vehicles, or lack thereof;

(h)  Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising Defendant Eric Thomas;

(h)  Failure to exercise due care in retaining Defendant Eric Thomas; and

(j)  Entrusting the company-owned commercial motor vehicle to Defendant Eric Thomas.

25.  Plaintiffs would show that Defendant E and T Trucking Limited Liability Company's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

## DAMAGES FOR PLAINTIFF, NATHAN LOFTIS

26.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Nathan Loftis was caused to suffer injuries to his back, shoulder, right hand, foot, neck, and lumbar spine pain. , and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Nathan Loftis for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Martin County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Mental anguish in the past;

F.  Mental anguish in the future;

  G. Physical impairment in the past;

  H. Physical impairment which, in all reasonable probability, will be suffered in the future;

  I. Loss of earning capacity in the past;

  J. Loss of earning capacity which will, in all probability, be incurred in the future;

  K. Disfigurement in the past; and

  L. Disfigurement in the future.

## USE OF U.S. LIFE TABLES

27. Notice is hereby given to the Defendant that Plaintiff intends to use the United States Life Tables, 2011 published on September 22, 2015 by the National Vital Statistics Reports, Volume 64, Number 11.

## NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY, INCLUDING DOCUMENTS AND OTHER TANGIBLE THINGS PRODUCED

28. Under the authority of the Texas Rules of Civil Procedure 193.7, Plaintiff gives notice of Plaintiff's intent to use all or a portion of the documents, tangible things or other data and information produced and provided in Discovery in this cause during the trial herein and/or depositions that are taken in this cause.

29. This Notice extends to all products of discovery produced by any Party to this suit. This Notice is provided pursuant to Rule 193.7, Texas Rules of Civil Procedure.

## INITIAL DISCLOSURES

30. In accordance with Texas Rules of Civil Procedure 194, you are requested to disclose to Plaintiff at the office of the undersigned counsel for Plaintiff, within thirty (30) days of Defendant's answer the information or material described in Rule 194.2(1)-(12).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Nathan Loftis, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

CHILDS BISHOP & WHITE

By: *Greta Braker*
ROBERT WHITE
Texas Bar No. 21324500
Email: bobwhitetx@mac.com
GRETA BRAKER
Texas Bar No. 24044383
Email: greta@askbobwhite.com
230 W 3RD ST
Odessa, Texas 79761-5014
Tel. (432) 580-5421
Fax. (432) 337-5465
ATTORNEY FOR PLAINTFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**